■ MARJORIE CUMMINGS, Appellant, v DENIS DeLEON et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Aronin, J.), dated August 20, 1986, which discontinued the action, with prejudice, and canceled the notice of pendency filed by the plaintiff affecting the contract premises.

Ordered that the order is affirmed, with costs.

After the plaintiff commenced the action at bar seeking specific performance of a contract to sell certain real property, the parties agreed to a stipulation of settlement under which, *inter alia*, the plaintiff was afforded 90 days to tender to defendants the $260,000 contract price. The stipulation further provided, however, that in the event such a tender was not made within the 90-day period, the "plaintiff's attorney shall furnish to defendants' counsel a Stipulation discontinuing the action with prejudice, and a Stipulation cancelling the lis pendens". It is undisputed that the plaintiff failed to tender the contract price within the time constraints prescribed in the stipulation. When—upon the defendants' request—the plaintiff declined to furnish a stipulation discontinuing the action and canceling the lis pendens, the defendants moved for an order compelling the plaintiff to comply with the terms of the stipulation. The Supreme Court granted the motion. We affirm.

Since the plaintiff failed to tender the contract price in conformity with the provisions of the stipulation, the defendants were entitled to secure from the plaintiff stipulations discontinuing her action and canceling the lis pendens.

The plaintiff's contention that the defendants denied her "access" to the premises provides no basis upon which to deny relief to the defendants. The record reveals in this respect that prior to the expiration of the 90-day period the parties settled their dispute concerning access to the premises, after which, we note, no further requests for or complaints in respect to access were made by the plaintiff.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.